UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN KASTEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00493-JMS-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Justin Kasten for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVD 19-02-00082. For the reasons explained in this Entry, Mr. Kasten's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On February 19, 2019, Investigator and STG Coordinator, S. Carpenter, wrote a conduct report in case WVD 19-02-0082 charging Mr. Kasten with offense A- 100, violation of any law – participation in a criminal organization – I.C. 35-45-9- 3(c)(2). The conduct report states:

> On 2-14-19 I, Investigator S. Carpenter, was assigned to investigate an assault which occurred in the South yard at approx. 4:45pm on the 14th. The victim of the assault is a confirmed member of the Nortenos Security Threat Group. Of the three positively identified offenders who committed the assault, two of them are confirmed members of the SUR 13 Security Threat Group and one is a probationary member, or "probate". Offender Kasten, Justin #267696 was witnessed by custody staff striking the victim with closed fists as part of the assault.
>
> Following the assault a confidential informant (CI#40) came forward with confirming information related to the incident. This C.I. has been very reliable in past investigations and is also a confirmed STG member. CI#40 stated the assault was gang related and the SUR 13s and the Nortenos are well known rivals. CI#40 confirmed the three offenders who were detained following the assault were all involved in committing the assault. CI#40 stated one of the suspects was a "probate" for the SUR 13s (Kasten) and he was supposed to assault the victim as part of his initiation into the organization. Once the victim began defending himself against Kasten's attack, the other two positively identified offenders joined in. They didn't stop striking the victim until custody staff used chemical agents and physical handling techniques to subdue the offenders.

Dkt. 12-1 (errors in original).

A corroborating report of investigation of incident was prepared in case WVD 19-02-0082. Dkt. 12-2. The report of investigation of incident states the same information as the conduct report, but adds:

> I attempted to interview offender Kasten following the assault and he refused to speak with me. Based upon the facts of the case, offender Kasten, Justin #267696 can be charged with a Level 6 Felony for Participation in Criminal Organization I.C. 35-45-9-3(c)(2). This investigation concluded on 2-19-2019.

*Id.*

On April 24, 2019, disciplinary case WVD 19-02-0082 was designated for a rehearing. Dkt. 12-10. On May 28, 2019, the screening officer notified Mr. Kasten of the charge and served

him with a copy of the conduct report and a copy of the notice of disciplinary hearing "screening report." Dkt. 12-3. Mr. Kasten pleaded not guilty and requested a lay advocate, who was later appointed. *Id*. Mr. Kasten did not request any witnesses or evidence. *Id.*

Investigator S. Carpenter provided the following declaration in connection with the confidential informant in the case:

> I, S. Carpenter, declare under penalty for perjury the following:
>
> 1.   I am an adult competent to testify in this matter. My testimony is based on my personal knowledge.
>
> 2.   I am currently employed by the Indiana Department of Correction as a [sic] Investigator.
>
> 3.   A confidential informant has provided information in this case resulting in the conclusion that the above-identified offender is charged with the above offense. I swear and affirm under the penalties for perjury that I have knowledge of the confidential informant, and that I believe the information provided to me in this case by the confidential informant is reliable and true.

Dkt. 12-6.

> An operations center email was also provided, which stated:
>
> On 2-4-19 at approximately 4:54p.m. C/O M. Cunningham called a 10-10 via radio in the south yard next to PHU. He did observe Offender Perez, [REDACTED] (P319), Offender Kasten, Justin #267696 (P307), and Offender Morales, [REDACTED] striking Offender [REDACTED] with a closed fist. Upon calling the 10-10. C/O Cunningham and C/O S. McGavic began deploying chemical agent to which did not yield the desired results. Offender Perez and Offender Kasten were both secured to the ground by myself and Ofc. Cunningham. All offenders were ordered to stop fighting to which they did comply. Offender [REDACTED] was placed in mechanical restraints by C/O T. Leffler and C/O A. Greve but continued to make threatening remarks to staff. The situation was declared 10-24 at approximately 4:59p.m. All offenders involved were escorted to their assigned wings where they were given decontamination showers and read the OC Administrative Warnings. Offender [REDACTED] was escorted to CCU where he was read the OC Administrative Warning.  All offenders involved were placed on IHARS. Medical staff were notified and the offenders received medical evaluations. No serious injuries were reported and no staff injuries were reported.

Dkt. 12-7 (errors and redactions in original).

The hearing officer held a rehearing in case WVD 19-02-0082 on May 31, 2019. Dkt. 12-5. According to the hearing report, Mr. Kasten pleaded not guilty and said "the information is not true. This is a one on one fight with me and a white dude with blonde hair. I have no gang tattoo and have never been involved with no gang. Anybody who knows me can tell you that the CI probably don't even know my first name." *Id.*

The hearing officer found Mr. Kasten guilty of offense A-100, stating: "DHO believes conduct to be true and accurate. DHO took into account Conduct Report, Report of Investigation, offender statement. A confidential informant has provided information in this case resulting in the conclusion that the above identified offender is guilty of the above charged offense. OII has provided a declaration on the reliability of the confidential informant pursuant to the penalties for perjury as witnessed by the offender and caseworker Ammerman." *Id.* at 1–2. Mr. Kasten received the following sanctions: loss of phone privileges equivalent to "time served," 1 year of disciplinary restrictive housing, a 365-day loss of good-time credit, and a two-step demotion in credit class. *Id.*

Mr. Kasten's appeals to the Warden and to the Appeal Review Officer were denied. Dkt. 12-8; dkt. 12-9.

### C.     Analysis

Mr. Kasten alleges that his due process rights were violated in the disciplinary proceeding. His claims are: 1) he was found guilty based on what another prisoner stated and there is no other evidence of him being associated with any gang; (2) he was found guilty of violating a state law, but he was not charged in any state court or convicted of a violation of state law in court; and (3) he was not given a lay advocate in his first hearing. Dkt. 1 at 3–4.

Offense A-100 prohibits the "[v]iolation of any federal, State or local criminal law (The Report of Conduct shall cite the name, Indiana Code number, and language of any cited law. The

Report of Conduct shall explain how the offender's behavior violated the cited law.)." Dkt. 12-11 at 1.

Mr. Kasten's first two claims challenge the sufficiency of the evidence against him. The evidentiary standard for disciplinary habeas claims, some evidence, is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Kasten was found guilty of violating a state law, participating in a criminal organization. Ind. Code. § 35-45-9-3. That statute is entitled "benefit, promote, or further the interests of a criminal organization." *Id.* That phrase "means to commit a felony or misdemeanor that would cause a reasonable person to believe results in:

(1) a benefit to a criminal organization or a member of a criminal organization;

(2) the promotion of a criminal organization; or

(3) furthering the interests of a criminal organization."

Ind. Code. § 35-45-9-3(a).

5

Subpart (d) of that statute provides ten factors for a trier-of-fact to consider:

(d) In determining whether a person committed an offense under this section, the trier of fact may consider a person's association with a criminal organization, including:

(1) an admission of criminal organization membership by the person;

(2) a statement by:
(A) a member of the person's family;
(B) the person's guardian; or
(C) a reliable member of the criminal organization;

stating the person is a member of a criminal organization;

(3) the person having tattoos identifying the person as a member of a criminal organization;

(4) the person having a style of dress that is particular to members of a criminal organization;

(5) the person associating with one (1) or more members of a criminal organization;

(6) physical evidence indicating the person is a member of a criminal organization;

(7) an observation of the person in the company of a known criminal organization member on at least three (3) occasions;

(8) communications authored by the person indicating criminal organization membership, promotion of the membership in a criminal organization, or responsibility for an offense committed by a criminal organization;

(9) the person's use of the hand signs of a criminal organization; and

(10) the person's involvement in recruiting criminal organization members.

Ind. Code Ann. § 35-45-9-3(d).

Mr. Kasten argues that he does not have gang tattoos and that he has never been a member of a gang. While having tattoos is one factor to consider, it is not the only factor. Moreover, the confidential informant, a gang member himself, was determined to be reliable and provided

6

evidence that Mr. Kasten engaged in the fight as a part of his initiation. In other words, the confidential informant confirms that Mr. Kasten was not yet in the gang, but Mr. Kasten assaulted a known member of another gang as part of his attempt to become a member. These circumstances satisfy factors 2(C) and 5 above.

Mr. Kasten also argues that he was not charged and convicted in state court. The fact that Mr. Kasten was not actually charged with and found guilty of a felony by the State does not make his disciplinary conviction any less valid. The disciplinary offense includes having engaged in conduct that could be used to charge an individual with a felony, but a criminal conviction is not an element of the disciplinary offense. To satisfy offense A-100, the conduct report must include the name, Indiana Code number, and language of the cited law and must explain how the inmate's behavior violated the cited law. Dkt. 12-11. Here, the conduct report included all the required information.

There was some evidence, including the investigator's sworn statement, the report of investigation, and the conduct report, that supported the disciplinary charge. Mr. Kasten's first two claims lack merit.

Mr. Kasten's third claim does not relate to his claim on rehearing. He admits that he was provided a lay advocate on rehearing. Therefore, there is no reason to discuss the respondent's contention that this claim was not asserted in Mr. Kasten's appeals, nor is there a reason to determine whether Mr. Kasten was even entitled to a lay advocate. This claim is dismissed as meritless.

Mr. Kasten was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described

the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Kasten's due process rights.

### D.  Conclusion

For the above reasons, Mr. Kasten is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JUSTIN KASTEN
267696
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov